## CERTIFICATES THAT MONEY IS IN THE TREASURY AND UNAPPROPRIATED.

Circuit Court of Hamilton County.

THE VILLAGE OF CARTHAGE v. HENRY DIEKMEIER.

Decided, May 11, 1907.

*Municipal Corporations—Villages—Certificates of Auditor or Clerk under the Burns Law—Sufficiently Definite, when.*

When from the nature of the work to be done in connection with a proposed improvement it is impossible to estimate except approximately the expense likely to be incurred, a certificate by a clerk or auditor, that there is in the treasury of the corporation and unappropriated "money sufficient to pay" for the improvement as proposed, is an adequate compliance with the requirement of Section 2702 that a certificate must issue to render valid contracts, agreements or other obligations involving the expenditure of municipal or village funds.

GIFFEN, J.; SWING, J., and SMITH, J., concur.

The original action was based upon a contract for making certain street improvements in the village of Carthage. The chief contention arises upon the alleged failure of the village clerk to certify a sufficient amount of money in the treasury to pay for the work in full. The jury, by a special verdict, found that the following certificate was attached to the resolution of council awarding the contract to the defendant in error:

"I hereby certify that there is money in the village treasury in the fund from which the above fund is proposed to be drawn for payment of the village portion of the improvement, and not appropriated for any other purpose, sufficient to pay for the same.　　　　　　　　　　　　　　　　L. HALL,

"$2,030.　　　　　　　　　　　　　　　*Village Clerk.*"

This certificate suggests three different constructions as to the amount certified in the treasury, either the fixed sum of $2,030, or the multiple of the estimated number of yards and the bid per yard, or an indefinite sum required to complete the work according to the plans and specifications at the rate bid. The first construction is not tenable, because the figures and dollar mark $2,030 on the margin are no more related to the written words nor more significant than if indorsed on the back of the certificate. The second construction is more reasonable, but can not be adopted because the plans and specifications contain the provision that "the quantities named on the estimate are approximate and will not govern the final estimate." The third and last construction, that the sum is indefinite, accords with the very language of the certificate that there is in the treasury "money sufficient to pay for the same," and complies substantially with Section 2702, Revised Statutes, as amended (86 O. L., 391) and in force at the time this contract was made. Under this section a definite sum should be certified when ascertainable, but when from the nature of the work to be performed it is impossible to estimate except approximately the quantity thereof, the certificate may be for such sum as may be required to complete the improvement according to the plans and specifications at the rate bid; and the village clerk having in this case so certified, the contractor is entitled to recover the amount of the final estimate under the original contract less the payments already made.

There being no certificate attached to the supplementary contract he is not entitled to recover for any work performed thereunder, and with this modification the judgment will be affirmed.

*Samuel W. Bell* and *Frank F. Dinsmore,* for plaintiff in error.

*Jerome D. Creed* and *Archer & Osler,* contra.